# United States District Court
## District of New Jersey

| | |
|---|---|
| **MICHAEL AND LYNN OGBIN**<br>**Individually and as a class representative**<br>**On behalf of others similarly situated**<br><br>  **Plaintiffs**<br><br>          **vs.**<br><br>**CITIFINANCIAL MORTGAGE**<br>**COMPANY, INC.  F/K/A FORD**<br>**CONSUMER SERVICE FINANCE**<br>**COMPANY, INC.**<br>**AND JOHN DOE SERVICERS 1-100**<br>**AND JOHN DOE  LAW FIRMS 1-10**<br>**Defendant.** | **CASE NO.**<br>          **1:09-cv-00023 (NLH)(JS)**<br>           Civil Action<br><br><br>**BRIEF OF PLAINTIFF IN OPPOSITION**<br>**TO THE MOTION TO DISMISS BY THE**<br>**DEFENDANT CITIFINANCIAL**<br>**MORTGAGE COMPANY, INC.** |

Attorney for    Plaintiffs
Law Office of Roger C. Mattson, Esq.
26 Newton Avenue
Woodbury, NJ 08096
(856) 848-4050

On the Brief

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| A. | Statement of Facts | 1 |
| B. | Legal Argument | |
| I. | Motion to Dismiss Standard | 1 |
| II. | Motion is Premature | 1 |
| III.(a) | Defendant's Actions are Prohibited by Law | 2 |
| (b) | Costs of suit charged are in Violation of N.J. Law | 5 |
| IV. | Defendant's claim on that the Modification Agreement allows excess charges is not supported by the Document or the Law | 7 |
| V. | The voluntary payment doctrine does not apply to the Plaintiffs | 9 |
| VI. | Defendant's Motion to Dismiss Count I should be Denied | 15 |
| VII. | Defendant's Motion to Dismiss negligence Count IV should be denied | 16 |
| VIII. | Plaintiff has pled cause of action for Breach of Good Faith and Fair Dealing | 17 |
| IX. | Defendant's motion to dismiss Count VI for Unjust enrichment should be denied | 19 |
| X. | The Plaintiff has pled a cause of action for violation of the New Jersey Consumer Fraud Act by Citifinancial. | 20 |
| XI. | The economic loss doctrine does not bar the Plaintiff's claim. | 22 |
| XII. | Plaintiffs have pled a cause of action for unfair and deceptive assessment and collection of fees in Count VII of the complaint | 24 |

XIII.   There is a private right of action in the Fair
        Foreclosure Act                                          25

XIV.    There is a private right of action to the N.J.
        Court Rule R:4:42-9(a)(4)                                27

XV.     Defendant's motion for Dismissal of Count XI of
        the complaint for violations of the Truth-In-Consumer,
        warranty and Notice Act should be denied                 28

XVI.    Count X of the Complaint should be dismissed             29

XVII.   The Plaintiffs claims are not pre-empted by Federal Law  30

XVIII.  Any Dismissal by the Court should be without Prejudice   32


Conclusion                                                       33

# TABLE OF AUTHORITIES

**Page**

Aetna Ins. Co. v. Gilchrist Brothers, Inc.
    85 NJ 550, 556 (1981)      10

Alcoa Edgewater Nol Fed. Credit Union
    44 NJ 442, 210 A.2d 68, 71 (N.J. 1965)      4,31

Amboy National Bank v. Ahmed
    2007 WL 3907055 (App. Div. 2007)      7

A&P Diversified Techologies Realty
    467 F3d 337, 343 (3rd Cir. 2006)      3,4

Ass'n Group Life, Inc. v. Catholic War Vets
    61 NJ 150, 153 (1972)      18

Atlas Corp. v. U.S.
    895 F.2d 745, 754-55 (Fed. Cir. 1990)      20

Baer v. Chase
    392 F.3d. 609, 617 (3rd Cir 2004)      20

Bak-A-Lum Corp. v. Alcoa
    69 NJ 123, 129-30 (1976)      18

Barrows v. Chase Manhattan Mortgage Corp.
    465 F. Supp 2d. 347, 366 (DNJ 2006)      17

Beneficial Finance v. Dixon
    130 NJ Super 508(Law Div. 1974)      19

Bosland v. Warnick Dodge
    396 NJ Super 267 (App. Div. 2007)      29

Bosland v. Warnock Dodge
    (A-97-07)      11

Chase Manhattan Bank v. Iridium Africa Corp.
    235 F. Supp. 2d 402, 409 (D. Del. 2002)      24

Coastal Bank v. Colonial Wood Products
    172 NJ Super 320 (App. Div. 1980)      3

Cohen v. Fair Lawn Dairies, Inc.
    86 NJ Super 206,214-215 (App. Div. 1965)
    Affd 44 NJ 450(1965)               31

Delta Funding v. Harris
    189 NJ 28, 49 (2006)               11

Dillon v. U-A Columbia Cablevision
    740 NY 52d 396 (2d 2002)           12

In re:  Resorts, Inc.
    181 F.3d 505, 511 (3d Cir. 2006)        9, 15

Jalowlecki v. Levc.
    182 NJ Super. 22, 30 (App. Div. 1981)    24, 26

Mardini v. Viking Freight, Inc.
    92 F. Supp. 2d 378, 385 (D.N.J. 1999)    1

Metlife v. Washington Ave Assoc.
    159 NJ 484(1999)               18

National City Mortgage v. Smith
    324 N.J. Super 509 (Ch Div. 1999)      6

NCP Litigation Trust v. KPMG, LLP
    187 NJ 353 (2004)              16,23

Onderdankin v. Presbyterian Homes
    85 NJ 171, 182 (1981)             18

Pickett v. Lloyd's
    131 NJ 457, 467 (1993)            17

Regency Savings v. Morristown Mews
    363 NJ Super. 363 (App. Div. 2003)     3, 28

R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.
    168 NJ 255, 276(2001)            17

Rolon v. Litten Loan Servicing, L.P.
    2006 WL 3740837 (App. Div. 2006)      7

Ryno, Inc. v. First National Bank of S.J.
    208 N.J. Super. 562 at 570 (App. Div. 1986)  10

Shane v. Fauver
    213 F.3d. 113 (3rd Cir. 2000)         33

Smerling v. Harrah's
     389 N.J. Super. 181 (App. Div. 2006)          30

Stewart Title Guar. Co. v. Lewis
     347 NJ Super. 127 (Ch. Div. 2001)          3, 8, 15
                                                      20

Turner v. First Union National Bank
     162 NJ 75 (1999)          31

VRG Corp. v. GKN Realty Corp.
     641 A2d 519, 526 (N.J. 1994)          19

Whittingham v. MERS
     2007 U.S. Dist. LEXIS 33476, 16 (D.N.J. 2007)          29

Wozniak v. Pennella
     373 NJ Super. 445 (App. Div. 2004)          24,27

## STATUTES

|  | Page |
|---|---|
| 12 USC 1462a(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 30 |
| N.J.S.A.  2A:15-13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |
| N.J.S.A.  2A:32-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8 |
| N.J.S.A.  2A:50-2.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8 |
| N.J.S.A.   2A:50-53 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5 |
| N.J.S.A.  2A:50-54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 25 |
| N.J.S.A.  2A:50-55 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26 |
| N.J.S.A.  2A:50-57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5 |
| N.J.S.A.  2A:50-61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| N.J.S.A.  2A:50-67 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 7,9 |
| N.J.S.A.  22A:2-8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |
| N.J.S.A.  22A:2-10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |
| N.J.S.A  56:12-15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| N.J.S.A. 56:12-16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 |
| N.J.S.A. 56:12-14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 |
| N.J.S.A. 56:12-17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 |

## REGULATIONS

| 12 CFR 560.2 …………………………………………….. | 30 |
|---|---|
| 12 CFR 560.33 …………………………………………….. | 31 |
| 12 CFR 560.34 …………………………………………….. | 31 |

**12 CFR 590.3( c)**   …………………………………………….   **30**

## RULES

<u>Page</u>

**Fed R. Civ. P. 12(b)(6)**   . . . . . . . . . . . . . . . . . . . . . . . . .   **1**

**Fed R. Civ. P. 9(b)**   . . . . . . . . . . . . . . . . . . . . . . . . .   **22**

**Fed R. Civ. P. 56(f )**   . . . . . . . . . . . . . . . . . . . . . . . . .   **2**

**N.J.  C.R.   4:42-9(a)(4)**   . . . . . . . . . . . . . . . . . . . . . . . .   **2,  27**

**N.J.  C.R.   4:42-10(a)**   . . . . . . . . . . . . . . . . . . . . . . . . .   **6**

**N.J.  C.R.   4:64-5**   . . . . . . . . . . . . . . . . . . . . . . . . .   **10, 11**

**N.J.  C.R.   4:64-1**   . . . . . . . . . . . . . . . . . . . . . . . . .   **11**

**Statement of Facts**

For purposes of this motion the Plaintiffs  would accept the statement of facts

provided by their complaint.

**Argument**

**I.      Standard for Determination of a motion under FR 12(b)(6).**

The Court in the case of *Mardini v. Viking Freight, Inc.*, 92 F. Supp. 2d 378, 385

(D.N.J. 1999) articulated the standard the Court must use in a motion to dismiss under

Rule 12(b)(6).

> *Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)); Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In disposing of a motion to dismiss, the court must operate on the assumption that the factual allegations in the complaint or counterclaim are true. Neitzke, 490 U.S. at 326-27. A motion to dismiss may be granted if the opposing party would not be entitled to relief under any set of facts consistent with the allegations in the complaint or counterclaim. As the Supreme Court stated in Neitzke:*
> > *"nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon, supra at 73, 104 S. Ct. 2229, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. (490 U.S. at 327)".* <u>Id at 381, 382</u>

In the instant case, the Court must accept as true the allegations of the

complaint.

**II.      The motion is premature as discovery has not been completed.**

The Defendants have filed the within motions while discovery is still pending.

Many key facts still have not been developed. This is especially true of an

1

itemization of the attorneys fees and court costs charged to the Plaintiffs, as well

as the calculation of the alleged refund.  This information is in the sole possession

of  the Defendants. Without those figures it is difficult to give exact calculations

of the extent of the violations of the act or the Plaintiffs' damages. To this end the

Plaintiff has filed a certification pursuant to *Fed  R. Civ. 56(f)* requesting the

decision on those issues be stayed pending the completion of discovery.


### III.    THE DEFENDANT'S ACTIONS ARE PROHIBITED

      UNDER THE LAW.


**a ) The attorney fees charged by the Defendant are in violation of the New Jersey Court Rules.**


In a foreclosure action in New Jersey, the Rules of Court limit the amount  a

mortgagee can charge to the borrower to recoup the attorney's fees and costs of suit in the

action. Attorney's fees are limited by *R 4:42-9(a)(4)*  which states:

> In an action for foreclosure of a mortgage, the allowance shall be
> calculated as follows: on all sums adjudged to be paid to the plaintiff
> amounting to $5000 or less, at the rate of 3.5%, provided however, that in
> any action a minimum fee of $75 shall be allowed; upon the excess over
> $5000 and up to $10,000 a the rate of 1.5%; and upon the excess over
> $10,000 a the rate of 1%, provided that the allowance shall not exceed
> $7,500. If, however, application of the formula prescribed by this rule
> results in a sum in excess $7,500, the court may award an additional fee
> not greater than the amount of such excess on application supported by
> affidavit of services. In no case shall the fee allowance exceed the
> limitation of this rule.

The total amount due Citifinancial at that time was  $80,000. Under the Court

Rule, Citifinancial was limited to a total of $950.00 in attorneys' fees plus the statutory

fee of $50.00.  The Court rule is clear "**in no case shall the fee allowance exceed the limitation of this rule"**. As a matter of law the Defendant Citifinancial violated the rules of court.  Citifinancial demanded attorneys' fees and costs of $5147.00.  The category of "Foreclosure Costs" is believed to include attorneys' fees as well. As the amounts are not itemized and known only to the Defendant, it would be premature to make any assumptions until discovery is complete. Citifinancial knew or should have known that it was demanding excess fees in its payoff statements. Citifinancial had an obligation to advise the Plaintiff as to what attorneys fees and other costs of suit are properly recoverable under New Jersey law.

The limitations of this rule are absolute. The Courts have held that where a mortgage debt is secured by a note providing for an attorney's fee for collection and the mortgagee proceeds to foreclose the mortgage his attorney's fees are governed by the rule rather than the note. *Coastal Bank v. Colonial Wood Products, Inc.*, 172 NJ Super 320 (App. Div. 1980) An attorney fee provision in a promissory note accompanying a mortgage will not be construed to include fees for post-judgment collection costs. *Regency Savings v. Morristown Mews*, 363 NJ Super. 363 (App. Div. 2003). The courts have also included the fees incurred in a bankruptcy proceeding during the pendency of the foreclosure as being included in this cap. I*n re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA*, 467 F3d 337, 343  (3rd Cir. 2006); *Stewart Title Guar. Co. v. Lewis,* 347 NJ Super. 127 (Ch Div 2001); *In re: John Hatala*, 295 BR 62 (2003).

The Third Circuit case of *In re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA* ,467 F.3d 337, 343 , (3rd Cir. 2006) is directly on point. In <u>A&P</u>, the Court held:

3

We also disagree with Fleet's assertion that New Jersey's limitation on attorneys' fees in Rule 4:42-9(a)(4) somehow renders the merger doctrine inapplicable and allows creditors to recover attorneys' fees post-judgment. In this regard Fleet contends that cases from other jurisdictions which hold "that a secured party cannot receive a section 506(b) award after its mortgage is satisfied are inappropriate and emanate from jurisdictions outside New Jersey where unlike New Jersey, a party may seek all of its legal fees and costs in the context of a state court foreclosure action." Appellee's Br. at 19. Rule 4:42-9(a)(4) does not render the merger doctrine inapplicable; nor does it allow a mortgage agreement to survive a judgment of foreclosure. Indeed, it does not even address these matters. Rather, it limits the award of attorneys' fees allowable under state law as it provides, after setting forth the allowable fees, that "in no case shall the fee allowance exceed the limitations of this rule." The Supreme Court of New Jersey has made it clear that the parties to a mortgage cannot by contract override the limitations of the rule. *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll,* 44 N.J. 442, 210 A.2d 68, 71 (N.J. 1965).

In reaching our result we emphasize the following. While it is true that the debtor agreed to pay Fleet's "reasonable" attorneys' fees in a foreclosure action and arguably waived the benefit of certain laws limiting the amount of fees Fleet could recover, certainly in the absence of a bankruptcy proceeding these provisions would not have rendered the limitations of Rule 4:42-9(a)(4) ineffective. Id. Furthermore, we point out that inasmuch as mortgagees ordinarily prepare the mortgage documents, if such provisions superceded Rule 4:42-9(a)(4) in foreclosure actions, the rule soon would become meaningless.

The question, then, is whether section 506(b) should require a different result in a bankruptcy context. We do not see why it should in the absence of clear language in the loan documents preserving the claim for attorneys' fees after a foreclosure judgment. In this regard we observe that the debtor's waiver in the mortgage of the "benefit" of certain laws hardly can assist Fleet with respect to section 506(b) as that section in allowing a creditor to obtain attorneys' fees in excess of those it otherwise could recover surely is not a law enacted for the benefit of a mortgagor. Thus, Fleet, is limited to recovering its "reasonable" attorneys' fees, which were determined through the application of the state court rule in the state court proceedings, as the mortgage or other documents simply do not provide that the provision for reasonable fees in the mortgage renders inapplicable the ordinary application of the merger doctrine. *Id* at 343.

The rule applies to all fees incurred by the mortgagee during the pendency of the foreclosure. The result is the same in cases where the mortgage is cured or paid off prior

to the entry of the final judgment. *National City Mortgage v. Smith*, 324 NJ Super 509 (Ch Div 1999). The <u>New Jersey Fair Foreclosure Act</u> *NJSA 2A:50-53* provides that in the event of a default the amount of attorneys fees and costs to be charged to the borrower to cure the default are limited by the court rule. *NJSA 2a:50-57* states:

> (3) pay or tender court costs, if any, and attorneys' fees in an amount which shall not exceed the amount permitted under the Rules Governing the Courts of the State of New Jersey;

The law in New Jersey is clear. The Court rules are an absolute cap to the amount a lender can charge to the borrower for attorney's fees and costs in a defaulting mortgage. The Court rule is clear "**in no case shall the fee allowance exceed the limitation of this rule**". As a matter of law the Defendant Citifinancial has violated the rules of court.

**b) The costs of suit charged by the Defendant are in violation of the New Jersey Law.**

In a foreclosure action in New Jersey, the Statutes and Rules of Court limit the amount a mortgagee can charge to the borrower to recoup the attorney's fees and costs of suit in the action. Search fees are limited in the New Jersey Court Rules by *R 4:42-10(a)* which states:

> (a) Fees Allowable: In an action for the foreclosure of a mortgage or tax certificate or for partition and sale of realty, the court or the clerk may, as a matter of discretion, tax as part of the taxable costs all legal fees and reasonable charges necessarily paid or incurred in procuring searches relative to title of the subject premises, provided that the minimum fee shall be $75 and the maximum fee shall be $500, If however, 1% of the amount found due plaintiff is more than $75 and less than $500, such 1% shall be the maximum fee.

The Defendant's charges for costs were in excess of the amount allowed pursuant to New Jersey Statutes including but not limited to

a)      *NJSA 22A:2-10* which allows costs of an attorney fee in a foreclosure of $50.00;

b)      *NJSA 22A:2-10* which allows costs for a writ of execution of $10.00;

c)      *NJSA 22A:2-8* which allows the filing fee of $200;

d)      *NJSA 2A:15-13* which allows a maximum of $50 for the filing of the lis pendens;

e)      *NJSA 22A:2-8* which allows a maximum of $35 for service of process per defendant;

f)      *NJSA 22A:2-8* which allows for the actual costs of service of process by publication;

g)      *NJSA 22A:2-8* which allows for the actual costs of service of process by mail;

In the instant case, the Defendants have sought and was paid by the Plaintiff for attorneys fees and costs of suit of $5147.00. The Defendants have not itemized the charges to determine the exact area of overcharge.

**IV The Defendant's claim that the modification agreement allows the excess charges is not supported by the document or the law.**

The Defendant argues that the modification agreement allows the Defendant to access and collect excessive charges for attorneys fees and costs. The Defendant argues the allowance of attorney's fees where the parties have agreed thereto in advance by contractual agreement. The Defendants rely on cases which are general contract cases but not addressing the issues of the case. *Amboy National Bank v. Ahmed*, 2007 WL 3907055 (App. Div. 2007) The *Amboy* case addresses the issue of the charging for legal fees in enforcement of the forbearance agreement. *Amboy* holds that the Bank was prohibited from collecting fees in the actual foreclosure action in excess of the amount allowed under the rule. The court noted that the rule is to be strictly construed. In the instant case, the Defendant is charging attorneys fees for the actual foreclosure in excess of the rule. The Plaintiffs fulfilled the terms of the agreement in full. The Defendants <u>never</u> made any application for fees to enforce the terms of the forbearance agreement.

The NJ Fair Foreclosure Act NJSA 2A:50-67 which provides that "the debtor may tender, and a lender may accept, partial payment of any sum owing and due without either party waiving any rights".  The entry of the forbearance agreement between the parties is of no legal significance to the instant litigation.

As the court stated in *Amboy:*

> *It is well-settled that the limit in the calculation of attorney's fees in mortgage foreclosure actions contained in <u>Rule</u> 4:42-9(a)(4) is mandatory and the trial court has no discretion to depart from its strict application by increasing the attorney's fees awarded beyond the calculated amount. <u>Stewart Title Guar. Co. v. Lewis</u>, <u>347 N.J. Super. 127</u>, 134-35 (Ch. Div.*

*2001); see 30A New Jersey Practice Law of Mortgages, § 31.30, at 75 (Pocket Part 2006).*

*Furthermore, "[w]ith respect to multiple sources allowing an attorney's fee, if a mortgage debt is secured by a note providing for an attorney's fee for collection and the mortgagee proceeds to foreclose the mortgage, his attorney's fees are governed by this rule rather than by the note stipulation." Pressler, Current N.J. Court Rules, comment 2.4 on R. 4:42-9 (2007). Therefore, any attorney's fees associated with the foreclosure judgment were assessed within the foreclosure judgment and were limited by Rule 4:42-9. Those fees were clearly included in the Chancery Division's March 12, 2004 final judgment of foreclosure.*

In the event, there is some provision of the forbearance agreement which would purport to hold that the Plaintiff agreed to pay the overcharge, the fraud by the Defendant allows the Plaintiff to void the contract and seek relief. NJSA 2A:32-1 provides this relief.  The statute states:

*Whenever there is fraud in the execution or consideration of a contract, the person defrauded at any time thereafter may institute a civil action, to recover the money owing on such contract although, by its terms, the debt contracted or the money secured to be paid thereby is not then due or payable; and the person defrauded may, upon discovery of the fraud, either rescind the contract entirely and recover the money or property obtained by the fraud, or, sue on the contract to recover thereon.*

*The plaintiff in such an action shall have all rights to which he would be entitled if the debt or obligation was due and payable at the time of the commencement of the action.*

In the instant case, the fraud by the Defendant in seeking monies they were not legally entitled to allows the Plaintiffs to void the agreement and seek restitution.

The general provisions of the foreclosure statutes specifically bar the waiver of any rights by the borrower.  NJSA 2A:50-2.2 provides that any agreement with a borrower which seeks to waive a borrowers rights is void.

*2A:50-2.2. Agreement to waive rights; invalidity.*

*Any express agreement made or entered into by a borrower at the time of or in connection with the making of or renewal of any loan secured by a mortgage, or thereafter, whereby the borrower agrees to waive the rights, or privileges conferred, upon him by chapter 50 of Title 2A of the New Jersey Statutes shall be void and of no effect.*

To the extent the Defendants argue that the modification agreement waived the Plaintiff's rights the agreement is void. As a matter of law, the Defendants motion to dismiss must be denied.

**V.      The voluntary payment doctrine does not apply to the Plaintiffs.**

The Defendant argues that all of the Plaintiff's claims are barred by the voluntary payment doctrine.  The argument is flawed.

The Third Circuit addressed the issue of the voluntary payment doctrine.

*"It is a settled principal of [New Jersey] law that where an individual under a mistake of law, but with full knowledge of the facts, voluntarily pays money on a demand not legally enforceable against him, he can not recover it in the absence of unjust enrichment, fraud, duress or improper conduct on the part of the payee."*  In re: Resorts, Inc., 181 F. 3d 505, 511 (3d Cir 1999)

In the instant case the payment was not made with full knowledge of the facts. The disclosures from the Defendants were not complete.  There was simply a demand for payment, $5147 in foreclosure attorney fees and  costs. There is no doubt that the demands by the Defendants  are the result of unjust enrichment, fraud, duress and improper conduct on their part.

The NJ Fair Foreclosure Act NJSA 2A:50-67 specifically provides that "the debtor may tender, and a lender may accept, partial payment of any sum owing and due

without either party waiving any rights". The Voluntary Payment Doctrine simply does not apply.

In the instant case, the actions of the Defendants fly in the face of New Jersey law. In fact the rights of the Plaintiffs under the Fair Foreclosure Act can not be waived. *NJSA 2A:50-61* states:

> **2A:50-61. Waivers against public policy, unlawful, void.**
>
> *Waivers by the debtor of rights provided pursuant to this act are against public policy, unlawful, and void, unless given after default pursuant to a workout agreement in a separate written document signed by the debtor.*

The Legislature has made it clear that attempts to waive the rights of debtors under the act are against public policy, unlawful and void. In the instant case it is those rights the Plaintiffs seek to enforce.

The Legislature with the adoption of the New Jersey Truth in Consumer Contract, Warranty and Notice Act specifically held that the rights of consumers can not be waived. *NJSA 56:12-15* states

> **56:12-15. Consumer contract, warranty, notice or sign; violation of legal right of consumer or responsibility of seller, lessor, etc.; prohibition; exemptions.**
>
> *No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal,*

10

*family or household purposes. The provisions of this act shall not apply to residential leases or to the sale of real estate, whether improved or not, or to the construction of new homes subject to "The New Home Warranty and Builders' Registration Act," P.L.1977, c. 467 (C. 46:3B-1 et seq.)*

*NJSA 56:12-16* states:

**56:12-16. Provision for waiver of rights under act; nullity; statement of provisions void, unenforceable or inapplicable in New Jersey.**

*No consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void. No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided, however, that this shall not apply to warranties.*

It is clear that the public policy in this state is to protect consumers. The idea that the payment of an improper and/or illegal demand by a consumer waives the consumer's right to relief has been overturned by the Legislature.  Specifically, NJSA 2A:32-1 states that whenever there is fraud in the execution of a contract, the person defrauded at anytime thereafter may institute a civil action to recover the money owing even if the money is not due or payable.

The New Jersey Supreme Court on February 19, 2009 entered a decision in the case of *Bosland v. Warnock Dodge (*A-97-07) concerning two of the pending issues before the court: the New Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer Contract, Warranty and Notice Act.

The facts in *Bosland* are very similar to the essential facts of the instant case. The Plaintiff, Rhonda Bosland, purchased a new vehicle from the Defendant, Warnock Dodge. As part of the purchase price of the vehicle the Defendant included a charge of

$117 as a registration fee. Her claim was that she was overcharged by the Defendant between $20 and $40 in violation of the applicable automobile regulations. Rather than demanding a refund, the Plaintiff filed suit alleging violations the *New Jersey Consumer Fraud Act* (CFA) and the *New Jersey Truth-In-Consumer Contract, Warranty and Notice Act*. (TCCWNA)

In the instant case, the Plaintiffs were overcharged for attorneys fees and costs of suit by the Defendants when the payoff of the mortgage was calculated in violation of New Jersey Statutes and Court Rules. The Plaintiffs paid the sums requested and subsequently brought suit.

In *Bosland,* the trial court dismissed the consumer fraud count of the complaint reasoning that "Plaintiff never complained about these overages, so it seems counterintuitive to consider these fees unconscionable and an ascertainable loss. Instead these fees were Defendant's profit or fees for processing or handling these papers which Plaintiff, as a consumer, paid without objection" *Id at* 5.

In analyzing the TCCNWA claim, the trial court found that the Plaintiff had failed to establish that the contract had violated any clearly established right as required under the act. *Id at 5.*

The third count of the complaint which alleged unjust enrichment was dismissed because the plaintiff could not provide any evidence that the defendant had received any benefit separate and distinct from the written contract.

The Appellate Division reversed in part and affirmed in part. The Appellate Division affirmed the dismissal of the count for unjust enrichment. The Court reversed the dismissals of the CFA and TCCNWA counts.

The Supreme Court in its decision of February 19, 2009 affirmed the decision of the Appellate Division. The decision is important in many ways. First, by affirming the Appellate Division concerning the TCCNWA claim, the Court has addressed for the first time elements of proof for a TCCNWA claim. The Appellate Division reinstated the TCCWNA claim holding that proof of the CFA allegations also sufficed to support a claim that the contract violated a clearly established legal right. *Id at* 7.

The Supreme Court rejected the idea that a Plaintiff must seek a refund from Defendant prior to bringing suit. The Court noted that the CFA is a remedial statute. The history of the CFA is one of constant expansion of consumer protection. The Court construes the CFA broadly, not in a "crabbed fashion." *Id at* 15 [internal citations omitted]

The Court reiterated that for analytical purposes there exists three types of claims under CFA: affirmative acts, claims asserting knowing omissions and claims based on regulatory violations. Intent is not an element if the claims are the result of the defendant's affirmative act or as the result of a violation of a regulation. A violation of a regulation results in strict liability. *Id at 15-16.* Intent is only required in cases based on the defendant's omission. In that case, there must be a showing that the defendant acted with knowledge, and intent is an essential element of fraud.

In applying the law to the Plaintiff's claim the court held that the complaint was based on a claimed regulatory violation, she was not required to prove defendant's intent. *Id at 16.* In such a case, there are only three elements required to establish a prima facie case: 1) unlawful conduct by defendant; 2) an ascertainable loss by Plaintiff and 3) a

casual relationship between the unlawful conduct and the ascertainable loss. *Id at* 16

[internal citations ommited]

The Supreme Court reiterated the public policy rationale of the CFA. "When

confronted, as we are here, with a plaintiff who asserts that she was the victim of an

overcharge which itself is small in amount, and who seeks recovery for herself and on

behalf of numerous others with 'nominal' claims, we cannot overlook the reality that,

without the remedy the CFA affords, all of those wrongs might go unvindicated." *Id at*

*22.* "We discern in the CFA a clear expression of the Legislature's intent to empower

consumers who seek to secure relief for themselves and for others who may not be aware

that they have been victimized." *Id at 23.*

In the instant case, the Plaintiffs seek to redress the wrongs not just to themselves

but also to others similarly situated.

The Defendants have argued that the Plaintiffs' claims under the CFA and

TCCNWA are barred by the voluntary payment doctrine. It is clear from the holding in

*Bosland* that simply is not the case. The court noted that the Plaintiff had paid the

overcharge voluntarily with no protest.  In rejecting a requirement for the Plaintiff to

request a refund prior to filing suit, the court noted that such a requirement would create a

safe harbor for offending merchants. "A merchant could rely on the pre-suit refund

demand requirement, boldly imposing inflated charges at no risk, and planning to refund

the overcharges only when asked. Such an analysis of the CFA would limit relief by

making it available only to those consumers who are alert enough to ask for a refund,

while allowing the offending merchant to reap a windfall. We see in the broad remedial

purposes of the CFA a strong contrary expression of public policy." *Id at 23.*

Simply stated, if the Defendant is in violation of the CFA, then the Plaintiff can recover as there must be  unjust enrichment, fraud, duress or improper conduct on the part of the Defendant. In that circumstance, the payment is not voluntary. *In re: Resorts, Inc.,* 181 F. 3d 505, 511 (3d Cir 1999).

As a matter of law the Defendant's motion to dismiss under the voluntary payment doctrine must be denied.

## VI. The Defendants motion to dismiss Count I the breach of contract claim should be denied.

The Defendant argues that the Plaintiffs have failed to plead the specific contractual provisions which were breached. The parties entered into a loan contract in the form of a mortgage and note. It is well settled that the basis for a lender to be reimbursed its attorneys fees and costs emanates from the terms of the contract.

> . It should be noted that the right to a fee in a foreclosure action "emanates from the fact that mortgage loans, as a matter of course, place specific contractual obligations on the mortgagor to bear the fees incurred by the mortgagee upon the need to foreclose or collect." *Stewart Title Guaranty Company v. Lewis,* 347 N.J. Super. 127, 788 A.2d 941, 945 n.8 (Super. Ct. Ch. Div. 2001)

In the instant case, the loan documents provide the contract. The fact that the Defendant overcharged the Plaintiffs is a breach of the contract. As noted above, the amount of the fees to be allowed is capped by court rule.

As a matter of law , the Defendants motion to dismiss Count I of the compliant must be denied.

**VII.    The Defendant's motion to dismiss the negligence count IV  should be denied.**

The Defendants argue that Mr.& Mrs.  Ogbin can not maintain a cause of action for negligence and contract. The Defendants have argued that the courts have  held that tort claims are barred as a matter of law where a contract between the parties exists, and where the plaintiff's alleged damages are limited to economic loss springing from that contract.

The instant case is more than about the loan. The impact to Mr. & Mrs. Ogbin concerns their credit worthiness, the emotional upset from the Defendants' egregious actions and possible loss of their home in the foreclosure in addition to any contract damages.

The New Jersey Supreme Court addressed a similar issue in the case of *NCP Litigation Trust v. KPMG, LLP*., 187 NJ 353 (2004). This was a case concerning accounting irregularities. The complaint alleged causes of action for breach of contract, and negligence among others against the accountants, KPMG.. The court allowed the case to go forward on both theories.  As the court noted:

> At the outset, we observe that this matter is before us on a *Rule 4:6-2(e)* motion to dismiss. On such motions, a trial court should grant a dismissal "in only the rarest of instances." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 772 (1989) . A court's review of a complaint is to be "undertaken with a generous and hospitable approach," *id*. at 746, and the court should assume that the nonmovant's allegations are true and give that party the benefit of all reasonable inferences, **S***mith v. SBC Communications Inc.*, 178 N.J. 265, 282 (2004) . If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage. *Craig v. Suburban Cablevision, Inc***.**, 140 N.J. 623, 626 (1995) (citation omitted).

16

The Plaintiffs' Count IV alleges that the Defendants were negligent in the servicing of the Plaintiffs' mortgage.  The Defendants argue that this is an imposition of an extra-contractual duty.  The Plaintiffs' position is that the Defendants had a duty to provide accurate statements and especially the payoff in accordance with the law.   The scope of the duty is reflected in the various New Jersey statutes and court rules noted in the complaint.

As a matter of law, the Defendant's motion must be dismissed.

**VIII.    The Plaintiffs have pled a cause of action for breach of the duty of good faith and fair dealing.**

The Defendants argue that the Plaintiff has failed to adequately plead an action for the breach of the contractual duty of good faith and fair dealing.  Chase made this same exact argument which this court rejected in its decision in the case of *Barrows v. Chase Manhattan Mrtg. Corp,* 465 F. Supp. 2d 347, 366 (DNJ 2006).

> MERS and Chase's motion to dismiss for lack of standing must be denied because Plaintiff has alleged that they had an implied duty to insure that proper attorneys fees were collected or attempted to be collected. Plaintiff's contention that Defendants had a duty to insure the propriety of any attempt to collect attorneys fees negates Defendants' argument that Plaintiff needed to have actually paid such fees. Therefore, to the extent that such an implied duty can be read into the contract, Plaintiff has asserted an injury sufficient to confer standing.

Unlike the Plaintiff in *Barrows,* Mr. & Mrs. Ogbin have paid the sums demanded by the Defendants in full. Following the logic of *Barrows*, the Ogbins had no cause of action until such time as the monies had been paid.

"Every contract in New Jersey contains an implied covenant of good faith and fair dealing." *R.J. Gaydos Insurance Agency, Inc. v. National Consumer Insurance Co.*, 168 NJ 255, 276 (2001).  See *Pickett v. Lloyd's*, 131 NJ 457, 467 (1993); *Onderdankm v.*

*Presbyterian Homes of New Jersey*, 85 NJ 171, 182 (1981); *Bak-A-Lum Corp. v. Alcoa Bldg. Prods., Inc.*, 69 NJ 123, 129-30 (1976).  This covenant requires that *"neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  Ass'n Group Life, Inc. v. Catholic War Veterans of the U.S.*, 61 NJ 150, 153 (1972).

> "The standard of conduct contemplated by the unconscionability clause is 'good faith, honesty in fact and observance in fair dealing' and the need for application of that standard 'is most acute when the professional seller is seeking the trade of those most subject to exploitation, the uneducated, the inexperienced and the people of low incomes.'" *Associates* at 278.

In the instant case, the Defendants seek funds to which they were not otherwise entitled.  It is axiomatic that to seek money to which they are not legally entitled is a violation of the covenant of good faith and fair dealing. See *Whittingham*  and *Barrows.*

The New Jersey Supreme Court holding in *Metlife v. Washington Ave. Assoc.,* 159 NJ 484 (1999) where the court held that the failure to properly account and apply payments to a mortgage balance does violate the covenant of good faith and fair dealing.

> The final issue in this appeal involves an accounting for the rents collected directly from the tenant by MetLife. The Appellate Division held that MetLife's failure immediately to apply the rents to the principal balance due or to credit Washington Avenue for interest accrued on those rents violated the implied covenant of good faith and fair dealing. The court remanded for a determination of any credit due to Washington Avenue. We agree with that conclusion.  *Id.* at 502.

As a matter of law the Defendants'  motion to dismiss count V must be denied and judgment entered.

**IX     The Defendants' motion to dismiss count VI for unjust enrichment should be denied.**

Under New Jersey law, there are two basic elements to a claim for unjust enrichment. First, the plaintiff must demonstrate "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 641 A.2d 519, 526 (N.J. 1994). To establish the injustice, the plaintiff must further demonstrate "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id.

The Defendants were unjustly enriched when the Plaintiff and other foreclosure debtors are overcharged for attorneys fees and costs. The Defendants have engaged in a scheme to engage in unfair and deceptive acts. Due to the fact that any individual claim is relatively small, individual redress is difficult, if not impossible. To the extent of any excess fees and costs, the Defendants benefit. In this case the overcharges are in clear violation of New Jersey law and all defendants have been unjustly enriched.

The Defendant argues that as the parties have a contract and therefore an action for unjust enrichment cannot proceed. The argument is flawed. First, the Plaintiffs may plead in the alternative. Either the Defendant violated the contract (which is denied by the Defendant) or the Defendant's action were a violation in quasi contract. In order to dismiss this count the court must hold as a matter of law that the violations are a breach of contract. It is submitted that such a holding may be premature until discovery is complete.

Second, the parties may have both an implied contract and an express contract both of which are actionable. "The existence of an express contract, however, does not preclude

the existence of an implied contract if the implied contract is distinct from the express

contract." *Baer v Chase,* 392 F.3d. 609, 617 (3rd Cir 2004) quoting *Atlas Corp. v. United*

*States*, 895 F.2d 745, 754-55 (Fed. Cir. 1990) ; see  *Chase Manhattan Bank v. Iridium*

*Africa Corp.*, 239 F. Supp. 2d 402, 409 (D. Del. 2002)


### X.    The Plaintiff has pled a cause of action for violation of the New Jersey Consumer Fraud Act by Citifinancial.


   The Defendant argues that the Plaintiff has failed to adequately plead a cause of action

under the New Jersey Consumer Fraud Act. The motion must as a matter of law be

denied. The District Court in *Whittingham I*  based on a similar pleading rejected this

argument.

> Plaintiff alleges "unconscionable conduct" and "fraud" in her complaint.
> Moreover, Plaintiff alleges that this conduct was in connection with
> MERS's and HSBC's subsequent performance of the contract related to the
> mortgage (i.e., sale of real estate). See *Weiss v. First Unum Life Ins. Co.,*.
> No. 05-5428, 2007 U.S. App. LEXIS 7613, at *34 (3d Cir. Apr. 3, 2007)
> ("CFA covers fraud both in the initial sale (where the seller never intends to
> pay), and fraud in the subsequent performance (where the seller at some
> point elects not to fulfill its obligations) .") . Therefore, the Court finds that
> Plaintiff adequately stated a cause of action under the CFA, and the Court
> accordingly denies MERS's and HSBC's motion to dismiss count XIII.


The elements of a claim for Consumer Fraud are as follows:

> "To state a claim under the NJCFA, a plaintiff must allege each of three
> elements (1) unlawful conduct by the defendants; (2) an ascertainable loss
> on the part of the plaintiff; and (3) a causal relationship between the
> defendants' unlawful conduct and the plaintiff's ascertainable loss."
> *[Frederico v. Home Depot,* 507 F.3d 188, 202 (3d Cir. 2007)] (citing *Cox*
> *v. Sears Roebuck & Co*., 138 N.J. 2, 647 A.2d 454 (1994)). The NJCFA
> defines unlawful practice broadly, as including but not limited to
> unconscionable commercial practice, deception, fraud, false promise, false
> pretense, misrepresentation, or knowing concealment N.J.SA. 56:8-
> 2.*Construcciones Haus Soceidad v. Kennedy Funding, Inc*., No. 07-0392,
> 2008 U.S. Dist. LEXIS 33685, at *14 (D.N.J. Apr. 24, 2008). "The

pleading requirements of Rule 9(b) apply to . . . NJCFA claims as well as . . . common law fraud claims." *Slim CD, Inc. v. Heartland Payment Sys., No*. 06-2256, 2007 U.S. Dist. LEXIS 62536, at *32 (D.N.J. Aug. 22, 2007) (citing *F.D.I.C. v. Bathgate*, 27 F.3d 850, 856 (3d Cir. 1994)).

In the instant case, the Plaintiff has pled each element.  The Plaintiff alleged

the following facts in the  complaint:

> 12.   The mortgage and note dated January 11, 1995 executed by the Plaintiffs are documents signed under seal which was originated by Ford Consumer Finance Company a lender licensed under the New Jersey Licensed Lenders Act.
> 13.   On or about May 15, 2003, the Defendant, CITI filed a foreclosure action.
> 14.   The Plaintiffs requested a reinstatement and modification of the mortgage.
> 15.   The Plaintiffs received the reinstatement and modification from the Defendant CITI dated April 21, 2006. Exhibit A.
> 16.   The parties entered into a loan modification agreement.
> 17.   The Defendant demanded attorney's fees and costs from the Plaintiffs in the amount of $5,147.00.
> 18.   The loan was paid in full on or about May 22, 2007 and the mortgage loan was discharged. Exhibit B.

## FACTUAL ALLEGATIONS:
## DEFENDANT'S WRONGFUL CONDUCT

19.   At all times relevant hereto, CITI has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law.  The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

> a)  they charged attorneys fees and costs in excess of those actually incurred or allowed by law;
> b)  costs of suit charged to the Plaintiffs and class was excessive in violation of statute and court rule.
> c)  Failed to credit all of the payments received by the Bankruptcy Trustee.
> d)  In addition the Plaintiffs contend that the defendant overcharged the class as follows:
> > a.   over charging of sheriff's commissions by failing to properly credit deposits;
> > b.   charging excessive late charges by failing to properly credit payments.

The first element to allege is unlawful conduct by the Defendant. Para. 19 describes the unlawful conduct of the Defendant. Para 73 alleges directly that the amount demanded by the Defendant in the payoff was in excess of the amount allowed by contract and the law. The various laws and regulations are reflected throughout the counts of the complaint. The improper demand is reflected in the loan modification of April 26, 2006. (See Exhibit A to the Complaint). The Defendant demanded and was paid costs and fees of $5147.00.

The second element to allege is that the Plaintiffs suffered an ascertainable loss. Para.74 states that the Plaintiffs suffered an ascertainable loss of at least $4000.00. The exact amount is unknown as the Defendant did not itemize its statement.

The third element is that there is causation between the Plaintiff's ascertainable loss and the actions of the Defendant. In the instant case the Plaintiff paid the amount in full as demanded by the Defendant to reinstate the mortgage. Para 18.

As noted above, the New Jersey Supreme Court in *Bosland* held that a similar set of facts is a violation of the New Jersey Consumer Fraud Act.

The purpose of Rule 9(b) is for the Defendant to be on notice as to basis for the Plaintiff's complaint. As a matter of law, the Defendant's motion to dismiss count X must be denied.

### XI.      The Economic Loss doctrine does not bar the Plaintiff's claim.

The Defendant argues that Mr. & Mrs. Ogbin can not maintain a cause of action for consumer fraud, negligence and contract. The Defendant has argued that the courts have  held that tort claims are barred as a matter of law where a

contract between the parties exists, and where the plaintiff's alleged damages are limited to economic loss springing from that contract.

The instant case is more than about the loan. The impact to Mr. & Mrs. Ogbin concerns their credit worthiness, the emotional upset from the Defendant's egregious actions and possible loss of their home in the foreclosure in addition to any contract damages.

The New Jersey Supreme Court addressed a similar issue in the case of *NCP Litigation Trust v. KPMG, LLP.*, 187 NJ 353 (2004). This was a case concerning accounting irregularities. The complaint alleged causes of action for breach of contract, and negligence among others against the accountants, KPMG.. The court allowed the case to go forward on both theories.  As the court noted:

> At the outset, we observe that this matter is before us on a **Rule** 4:6-2(e) motion to dismiss. On such motions, a trial court should grant a dismissal "in only the rarest of instances." **Printing Mart-Morristown v. Sharp Elecs. Corp.**, 116 N.J. 739, 772 (1989) . A court's review of a complaint is to be "undertaken with a generous and hospitable approach," **id.** at 746, and the court should assume that the nonmovant's allegations are true and give that party the benefit of all reasonable inferences, **Smith v. SBC Communications Inc.**, 178 N.J. 265, 282 (2004) . If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage. **Craig v. Suburban Cablevision, Inc.**, 140 N.J. 623, 626 (1995) (citation omitted).

The Plaintiff's Count II alleges that the Defendant, Citifinancial, was negligent in the servicing of the Plaintiff's mortgage.  The Defendant argues that this is an imposition of an extra-contractual duty.  The Plaintiffs' position is that Citifinancial had a duty to provide accurate statements in accordance with the law.   The scope of the duty is reflected in the FHA  regulations which limit reimbursement of attorneys fees and

requires that the charges be actually incurred; as well as the various New Jersey statutes, cases and court rules noted previously.

As a matter of law, the Defendant's motion must be dismissed and judgment entered against the Defendant in favor of the Plaintiff.

**XII.     Plaintiffs have pled a cause of action for unfair and deceptive assessment and collection of fees in Count VII of the complaint.**

The Defendant argues that there is no cause of action for "unfair and deceptive assessment and collection of fees". The  Plaintiff seeks to enforce the provisions of the federal *FTC* act, which prohibits unfair and deceptive practices, as a violation of the New Jersey *Consumer Fraud Act.* The New Jersey *Consumer Fraud Act* provides a private remedy for violations of the FTC Act. As noted below the act serves as the enforcement mechanism for the Act. It does not matter that the FTC does not provide a private cause of actions. The standards as established by the FTC Act and its regulations provide for standards of commercial practices in the marketplace which can be enforced under the Act. *Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004)*.* As a matter of law the Defendant's motion to dismiss count VII of the complaint must be denied

**XIII.   There is a private right of action in Fair Foreclosure Act**

The Defendants have incorrectly argued that there is no private right of action in the Fair Foreclosure Act. The Courts in the case of  *Jalowiecki v. Levc*, 182 NJ Super. 22, 30 (App. Div 1981)  established a three part test to determine if a statute confers an implied private right of action.

> 1)   Whether the Plaintiff is a member of the class for whose
>
>       special benefit, the statute was enacted;

2)   Whether there is any evidence that the legislature intended to

create a private right of action under the statute; and

3)   Whether it is consistent with the underlying purposes of the

legislative scheme to infer the existence of such a remedy.

*Jalowiecki v. Levc,* 182 NJ Super. 22, 30 (App. Div 1981)

"Although courts give varying weight to each of those factors, the primary goal

has invariably been a search for the underlying legislative intent" Id. at 30

The legislative intent for the *Fair Foreclosure Act* is set out clearly in *NJSA*

*2A:50-54* which states:

The legislature hereby finds and declares it to be the public policy of this state

that homeowners should be given every opportunity to pay their home mortgages and

thus keep their homes, and that lenders will be benefited when residential mortgage

debtors cure their defaults and return defaulted residential mortgage loans to performing

status.

The legislative intent is for homeowners to be protected. In fact the rights

established by this act can not be waived. *NJSA 2A:50-61* states:

> *Waivers by the debtor of rights provided pursuant to this act are
> against public policy; unlawful and void, unless given after default
> pursuant to a workout agreement in a separate written document signed
> by the debtor.*

The clear intent of these sections is to provide the homeowner with significant

protection in a foreclosure. These rights are granted specifically to the individual. The

underlying legislative intent would support a private right of action.

An application of the elements of *Jalowiecki* supports a private right of action in

the Fair Foreclosure Act. The first factor is the Plaintiff, a member of the class for whose

special benefit, the statute was enacted. The answer must be an unqualified yes. The Plaintiff is a homeowner with a residential mortgage. In fact, the Act defines a residential mortgage debtor as any person shown on the record of the residential mortgage lender as being obligated to pay the obligation secured by the residential mortgage. *NJSA 2A:50-55.*

"The right to cure a default under this section is independent of any right of redemption or any other right or remedy under the common law, principles of equity, state, federal statute or rule of court."

The third prong of the test is whether it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy. The answer here is yes. It is a clear legislative desire for homeowners to be protected. The right is clearly vested with the homeowner under the act. The right is <u>non-waivable</u> and cumulative with other available relief to the borrower. It is clear that the right of action in the act is not only implied but is explicitly provided for by the statute.

The Defendant's argument itself is flawed. The whole statute at issue concerns the process to proceed in court for a foreclosure. The statute provides procedural and substantive due process and other rights to the homeowner. To accept the Defendant's arguments would leave a homeowner with a laundry list of rights without a remedy. As a matter of law the Defendants motion as to the *Fair Foreclosure Act* must be denied.

Even if the Court should hold that the Act itself does not provide for a separate cause of action, the rights established under the Act are themselves a basis for a cause of action under the New Jersey Consumer Fraud Act. This was pled explicitly in the complaint. (See para 75 of the Plaintiff's complaint) The issue was addressed specifically

26

in the Appellate case of *Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004). In *Wozniak* the court held that the enforcement of a violation of a rent control ordinance was actionable under the New Jersey Consumer Fraud Act.

> Indeed, the CFA complements the Clifton Rent Control Ordinance by providing a legal means of redress against a violator. The CFA acts as an enforcement mechanism for the ordinance and should serve to bring landlords into compliance with the ordinance or be subject to the treble damage and attorney fees sanctions of the CFA. The laudatory purpose of the CFA of protecting consumers is thereby enhanced. **Id.** at 459

The New Jersey Consumer Fraud Act provides the legal mechanism to enforce the protections of the Fair Foreclosure Act even if the Court should hold that the Act itself does not provide a direct cause of action. As a matter of law the Defendant's motion to dismiss count VIII must be denied.

### XIV.   There is a private right of action to the New Jersey Court Rule R:4:42-9(a)(4).

The Defendant has incorrectly argued that there is no private right of action in the New Jersey Court Rule *R.4:42-9(a)(4)*.   Likewise the same arguments as noted in the previous section concerning the Fair Foreclosure Act apply to *R.4:42-9(a)(4)*. The Court in the case. *Regency Saving Bank v. Morristown Mews, LP*, 363 NJ Super 363 (App. Div. 2003) has made clear that the purpose of the rule was to protect homeowners. The action in <u>Regency</u> was by the bank in a deficiency action to recover attorney's fees in excess of the amount allowed in the foreclosure case. The court held "[F]urther, even if a Plaintiff in a foreclosure action seeks to recover a fee or provision in a note from the outset of the litigation, he is limited to the fee allowable under *R.4:42-9(a)(4)*

As noted above, the New Jersey Consumer Fraud Act provides the legal mechanism to enforce the protections of the Court Rule even if the Court should hold that the Rule itself does not provide a direct cause of action. As a matter of law the Defendant's motion to dismiss count IX must be denied.

XV.    **The Defendants motion for a dismissal of count XI of the complaint for violations of the Truth-In-Consumer, Warranty and Notice Act should be denied.**

The Defendants have moved for a dismissal of count XI of the complaint for violations of the Truth-In-Consumer, Warranty and Notice Act arguing that the Act does not apply to the sale of real estate. The Plaintiffd Mr. & Mrs. Ogbin have a cause of action under *NJSA 56:12-14* which prohibits the inclusion of a clause which waives the Plaintiffs' right. In the instant case, Citifinancial has demanded monies under the note and mortgage to which it was not legally entitled. The act does not require any actual damages by the Plaintiff and instead provides for a statutory penalty of at least $100 per violation. *NJSA 56:12-17* states:

> Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs. This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him. A consumer also shall have the right to petition the court to terminate a contract which violates the provisions of section 2 of this act and the court in its discretion may void the contract.

28

The Plaintiff to have standing has to only have had the improper clause included in the loan documents including the modification agreement. The Plaintiff need not have suffered any damages.

This same conclusion was reached by the New Jersey Appellate Division in the case of *Smerling v. Harrah's*, 389 N.J. Super. 181 (App. Div. 2006). In that case, the court held that advertising by the casino which contained false, deceptive or misleading information was actionable under the *Truth-in-Consumer Contract, Warranty and Notice Act.* As the New Jersey Appellate Court held in *Bosland v. Warwick Dodge,* 396 NJ Super 267 ( App Div 2007) that proving a case under the New Jersey Consumer Fraud Act will satisfy a cause of action under this act. The Plaintiff has pled a prima facie case under the Consumer Fraud Act. Citifinancial provided  a mortgage modification agreement which demanded excessive attorneys' fees and costs in violation of New Jersey law. The Plaintiff paid the monies demanded in full.

As a matter of law, the Defendant's  motion to dismiss count XI of the complaint must be denied.


**XVI.   The Defendant is correct that count X should be dismissed.**

The Defendant is correct that count X should be dismissed. The count was included by error.

**XVII.      The Plaintiffs claims are not pre-empted by Federal Law.**

The Defendant argues that the Plaintiffs' claims are preempted. The argument fails

for several reasons. First, the loan was not originated by a savings and loan. The loan was

originated by Ford Consumer Finance Company, Inc. a non-depository state licensed

lender in 1995. The rights of the parties were determined at the time the loan was made.

The fact that the loan may have been sold or the nature of the lender changed over the

years does not suddenly change the rights of the borrower. The assignor of the mortgage

steps into the shoes of the original lender. The original lender was not a savings & loan

nor a national bank. The loan was only modified not rewritten.

Second, the regulation relied upon by the Defendant does not apply to foreclosure

laws and other consumer based laws. 12 CFR 560.2 ( c) specifically exempts (1) contract

and commercial law, (2) real property law; (3) Homestead laws specified in 12 USC

1462a(f); and (4)tort law. 12 USC 1462a(f) provides:

> f) State homestead provisions
>    No provision of this chapter or any other provision of law
>    administered by the Director shall be construed as superseding any
>    homestead provision of any State constitution, including any
>    implementing State statute, in effect on September 29, 1994, or any
>    subsequent amendment to such a State constitutional or statutory
>    provision in effect on September 29, 1994, that exempts the
>    homestead of any person from foreclosure, or forced sale, for the
>    payment of all debts, other than a purchase money obligation
>    relating to the homestead, taxes due on the homestead, or an
>    obligation arising from work and material used in constructing
>    improvements on the homestead.

The New Jersey Fair Foreclosure Act and the New Jersey Court Rules address the

protection of the debtors homestead.  The act and rules limit how much of the debtors

equity may be attached in the proceeding.

The New Jersey Courts in applying the court rule are interpreting contract law which is specifically not exempted. As noted previously the meaning of "reasonable attorneys fees" has been defined in mortgage loans to be limited by the rule. Both the note and mortgage provide that the borrower will pay reasonable attorneys fees, not all of the attorneys fees incurred. *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll*, 44 N.J. 442, 448, (1965); *Cohen v. Fair Lawn Dairies, Inc.*, 86 N.J. Super. 206, 214-15, (App. Div. 1965), *aff'd*, 44 N.J. 450, (1965);

The Defendant seeks to rely upon the case of *Turner v. First Union National Bank,* 162 NJ 75 (1999). The case does not apply to the issues of the instant case. *Turner* concerned the shifting of fees for the origination of the loan where there was an OTS regulation exactly on point allowing the fee shift. The court held :

> *Applying the preemption principles announced in Fidelity Federal and Dime, we find Section (d) is preempted by federal law. Section 545.32(b)(5) unambiguously allows federal savings and loan associations to shift fees for initial charges, including the costs of title examination and the drawing of papers, "[e]xcept as provided in [Section] 563.35(d)." 12 C.F.R.  545.32(b)(5). Section 563.35(d)(1) specifically allows federal banks to charge borrowers for attorney's fees for legal services as long as those fees are "attributable to processing and closing [a] loan." 12 C.F.R.  563.35(d)(1).  Id at 92*

There is no regulation which explicitly allows the shifting of legal fees in a foreclosure proceeding. In fact 12 CFR 590.3 ( c) specifically states that "Nothing in this section preempts limitations in state laws on prepayment charges, attorneys' fees, late charges or other provisions to protect borrowers"  Unlike the prepayment charges (12 CFR 560.34)  and late fees (12 CFR 560.33 ), the OTS has not provided for savings & loans to pre-empt state laws in regards to attorneys' fees.

As a matter of law, the Defendant's motion to dismiss based on pre-emption must be denied.

### XVIII. Any dismissal by the Court should be without prejudice and the Plaintiffs given an opportunity to file an amended complaint.

In the event, the court should hold that any of the Plaintiffs' pleadings are defective, the court should allow the Plaintiffs an opportunity to file an amended complaint. The Third Circuit held *Shane v. Fauver*, 213 F.3d 113 (3rd Cir 2000) the standard to be used to dismiss a complaint with prejudice.

> The District Court in this case dismissed the plaintiffs' claims with prejudice and without leave to amend. In doing so, the court may have understandably thought that this procedure was mandated by the PLRA. We hold, however, that it is not and that now, as before, in the situation presented here, dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. The District Court did not test the plaintiffs' various claims against this standard, and we therefore vacate the order dismissing those claims and remand for the District Court to rule in the first instance on whether this standard is met.

In the instant case, Citifinancial has not presented any evidence of bad faith, undue delay, prejudice or futility. Many of the issues raised by the Plaintiff's complaint are areas of law which have not been subject to much litigation. There is no question that the Defendant is on notice on the causes of actions being litigated. In the event the court finds any of the pleadings in the complaint deficient, the Plaintiffs should be allowed to file an amended complaint.

**CONCLUSION**

In the instant case the Plaintiffs have more than suggested a cause of action against  Citifinancial.  The issue between the parties concerns whether Citifinancial could legally collect these fees from the Plaintiffs.   As a matter of law, the motion to dismiss must be denied.


Respectfully submitted,

/s/ Lewis G. Adler, Esquire
Lewis G. Adler, Esquire


/s/ Roger C. Mattson, Esquire
Roger C. Mattson, Esquire