## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

MICHAEL and LYNN OGBIN, individually and as
a class representative on behalf of others similarly
situated,

               Plaintiffs,

    v.

CITIFINANCIAL MORTGAGE COMPANY, INC.,
f/k/a Ford Consumer Finance Company, Inc.,

               Defendant.

Civil Action No. 09-00023-NLH-JS

---

## DEFENDANT CITIMORTGAGE, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Marc C. Singer
Vincent F. Papalia
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

Of Counsel:

Lucia Nale
Maritoni Kane
**Mayer Brown LLP**
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

Miriam R. Nemetz
Richard P. Caldarone[*]
**Mayer Brown LLP**
1909 K Street, N.W.
Washington, DC 20006
(202) 263-3000

---

[*] Admitted in Virginia only; not admitted in the District of Columbia. Practicing under the supervision of firm principals.

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................. 1

STANDARD OF REVIEW ............................................................................... 1

ARGUMENT .................................................................................................... 2

I.    DISMISSAL AT THIS STAGE IS ENTIRELY PROPER .......................... 2

II.   THE COMMON LAW CLAIMS MUST BE DISMISSED. ........................ 3

   A.   Plaintiffs Fail to Refute CitiMortgage's Arguments for
        Dismissal of the Breach of Contract Claim. ........................................ 3

   B.   Plaintiffs' Negligence Claim Must Be Dismissed Because
        CitiMortgage Owed No Extracontractual Duty to Plaintiffs .............. 4

   C.   Plaintiffs Have Not Stated a Claim for Breach of the Duty of
        Good Faith and Fair Dealing. .............................................................. 5

   D.   The Unjust Enrichment Claim May Not Proceed. ............................... 6

III.  THE CONSUMER FRAUD ACT COUNTS MUST BE DISMISSED ....... 7

   A.   The CFA Claims Are Insufficiently Pled .............................................. 7

   B.   The Economic Loss Rule Bars the CFA Claims .................................. 9

   C.   Count V May Not Proceed. ................................................................... 9

   D.   Neither the Fair Foreclosure Act nor the New Jersey Court
        Rules Apply to the Modification Agreement. ..................................... 10

   E.   Because There Is No Private Right of Action in the FTCA,
        FFA, or Rules, the CFA Claims Must Be Dismissed ......................... 13

IV.   COUNT IX MUST BE DISMISSED ........................................................ 15

V.    COUNT X IS SUBJECT TO DISMISSAL. .............................................. 15

VI.   PLAINTIFFS' CLAIMS ARE PREEMPTED IN PART. ........................... 15

VII.  THE VOLUNTARY PAYMENT RULE BARS PLAINTIFFS'
      CLAIMS INSOFAR AS THEY PAID ANY ALLEGED CHARGES. ....... 17

VIII. THE COMPLAINT DOES NOT STATE A CLAIM AS TO ANY
      OTHER FEES OR CHARGES .................................................................. 19

IX.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE. ...... 19

CONCLUSION ............................................................................................... 20

# TABLE OF AUTHORITIES

## CASES

*In re A&P Diversified Techs. Realty, Inc.*, 467 F.3d 337 (3d Cir. 2006) ................. 8

*Amboy National Bank v. Ahmed,*
  2007 WL 397055 (N.J. App. Div. Feb. 7, 2007) .......................................... 11

*Barrows v. Chase Manhattan Mortgage Corp.*,
  465 F. Supp. 2d 347 (D.N.J. 2006) ................................................................. 5

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ........................................ 2, 8

*Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009) ...................................... 8, 19

*Brown v. Hartford Group,*
  2009 WL 467846 (D.N.J. Feb. 23, 2009) ........................................ 11, 12, 15

*Cambridge Mgmt. Group, LLC v. Robert A. Kosseff & Assocs., P.C.*,
  2007 WL 2084895 (D.N.J. July 18, 2007)....................................................... 2

*Cedeno v. IndyMac Bancorp, Inc.*,
  2008 WL 3992304 (S.D.N.Y. Aug. 26, 2008)............................................... 17

*Coastal State Bank v. Colonial Wood Prods., Inc.*,
  172 N.J. Super. 320 (App. Div. 1980) ........................................................... 12

*Conley v. Gibson*, 355 U.S. 41 (1957) ...................................................................... 2

*Cox v. Sears Roebuck & Co.*, 138 N.J. 2 (1994)...................................................... 9

*Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 740 N.Y.S.2d 396
  (App. Div. 2002) (per curiam), *aff'd*, 790 N.E.2d 1155 (N.Y. 2003) .......... 18

*Flammia v. Maller*, 66 N.J. Super. 440 (App. Div. 1961) ...................................... 18

*In re Hatala*, 295 B.R. 62 (Bankr. D.N.J. 2003)...................................................... 11

*Lum v. Bank of Am.*, 361 F.3d 217 (3d Cir. 2004)..................................................... 7

*Metlife Capital Finance Corp. v. Washington Avenue Assocs.*,
    159 N.J. 484 (1999) ........................................................................ 5, 6

*National City Mortgage v. Smith*, 324 N.J. Super. 509 (Ch. Div. 1999) ............... 12

*NCP Litigation Trust v. KPMG, LLP*, 187 N.J. 353 (2006) ..................................... 4

*In re Ocwen Loan Servicing, LLC Mortgage Servicing Litig.*,
    491 F.3d 638 (7th Cir. 2007) ....................................................... 16

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*,
    142 F. Supp. 2d 589 (D.N.J. 2001) .............................................. 12

*Palmeri v. LG Elecs. USA, Inc.*, 2008 WL 2945985 (D.N.J. July 30, 2008)............ 8

*R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*,
    168 N.J. 255 (2001) ...................................................................... 13

*Regency Savs. Bank, F.S.B. v. Morristown Mews, L.P.*,
    363 N.J. Super. 363 (App. Div. 2003) ......................................... 12

*Sanders v. Wash. Mut. Home Loans, Inc.*, 248 F. App'x 513 (5th Cir. 2007)........ 18

*Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008) ...................... 17

*Smiriglio v. Hudson United Bank*,
    98 F. App'x 914 (3d Cir. 2004) (per curiam) .............................. 11

*State Farm Bank, FSB v. Reardon*, 539 F.3d 336 (6th Cir. 2008).......................... 17

*Stewart Title Guar. Co. v. Lewis*, 347 N.J. Super. 127 (Ch. Div. 2001)................. 12

*Torres-Hernandez v. CVT Prepaid Sols., Inc.*,
    2008 WL 5381227 (D.N.J. Dec. 17, 2008)..................................... 8

*Turner v. First Union Nat'l Bank*, 162 N.J. 75 (1999) ........................................... 17

*U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506 (3d Cir. 2007) .......... 19

*Whittingham v. Mortgage Electronic Registration Services, Inc.*,
    2007 WL 1456196 (D.N.J. May 15, 2007)..........................................5, 13, 14

*Wozniak v. Pennella*, 373 N.J. Super. 445 (App. Div. 2004) ............................14, 15

## STATUTES

N.J.S.A. 2A:50-57 .......................................................................................10, 14

N.J.S.A. 2A:50-61 ................................................................................................14

N.J.S.A. 2A:50-62 ................................................................................................10

N.J.S.A. 56:12-15 ................................................................................................15

## REGULATIONS

12 C.F.R. § 560.2 ...........................................................................................16, 17

12 C.F.R. § 590.3 ................................................................................................16

61 Fed. Reg. 50951 (Sept. 30, 1996).................................................................17

## COURT RULES

Fed. R. Civ. P. 8(a)................................................................................................8

Fed. R. Civ. P. 9(b).......................................................................................2, 7, 8

Fed. R. Civ. P. 12(b)..............................................................................................2

Fed. R. Civ. P. 56(f)...............................................................................................2

## INTRODUCTION

Plaintiffs' opposition ("Opposition" or "Opp'n") does not even attempt to answer most of the arguments for dismissal set forth in CitiMortgage's opening brief ("Br. in Supp."). For instance, although plaintiffs do not dispute that they contracted with CitiMortgage to pay the charge about which they now complain, they do not counter the argument that this defeats their breach of contract claim. Similarly, while plaintiffs insist that New Jersey court rules and statutes limit the attorneys' fees recoverable by mortgage lenders, they never address how those laws—which govern only if a mortgagee attempts to enforce its lien in court—can possibly apply to an agreed-upon charge in a loan modification agreement.

The portions of the Opposition that are responsive to CitiMortgage's motion, meanwhile, are frequently unsupported by any citation to relevant authority and are uniformly unpersuasive. Plaintiffs do not establish a plausible entitlement to relief on any claim, and the complaint should accordingly be dismissed.[1]

## STANDARD OF REVIEW

Plaintiffs contend that "[a] motion to dismiss may be granted if the opposing party would not be entitled to relief *under any set of facts* consistent with the allegations in the complaint." Opp'n at 1 (emphasis added and internal quotation

---

[1]  At the recommendation of Your Honor's law clerk, CitiMortgage hereby respectfully requests that the Court permit filing and consideration of this overlength brief.

marks omitted). This standard—most famously stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)—is no longer valid. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court disavowed the *Conley v. Gibson* standard and clarified that a complaint must be dismissed unless it contains "enough factual matter" to demonstrate that the plaintiffs have "a plausible entitlement to relief." *Id.* at 1966-67. The stricter standard imposed by Fed. R. Civ. P. 9(b), however, governs the Consumer Fraud Act ("CFA") claims.

## ARGUMENT

## I.   DISMISSAL AT THIS STAGE IS ENTIRELY PROPER.

Plaintiffs argue that CitiMortgage's motion to dismiss should be stayed pending discovery pursuant to Fed. R. Civ. P. 56(f). Opp'n at 1-2. Rule 56(f), however, applies to motions for summary judgment. CitiMortgage, of course, has moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In deciding this motion, the Court simply assumes that the facts alleged by the plaintiffs are true, and the question is whether those allegations are sufficient to state a claim. Plaintiffs are not entitled to discovery before this motion is decided.

Plaintiffs specifically argue that they have not seen a full itemization of the alleged charge in the modification agreement. Opp'n at 1-2. However, CitiMortgage's arguments for dismissal of the complaint do not depend on the

specific components of the alleged charge.[2]  Rather, the complaint must be dismissed under well-settled principals of governing law and because the facts pled in the complaint are deficient in ways unrelated to the exact content of that charge.

## II.   THE COMMON LAW CLAIMS MUST BE DISMISSED.

### A.   Plaintiffs Fail to Refute CitiMortgage's Arguments for Dismissal of the Breach of Contract Claim.

In attempting to defend their contract claim, plaintiffs characterize CitiMortgage as arguing "that the Plaintiffs have failed to plead the specific contractual provisions which were breached." Opp'n at 15.  While it is true that the complaint does not allege what provision was breached, this is not the basis for the motion to dismiss.  In fact, CitiMortgage argues that the contract claim fails for two more fundamental reasons—neither of which plaintiffs address.  By signing the modification agreement, which superseded inconsistent terms in the original note and mortgage, plaintiffs promised to pay all charges therein.  CitiMortgage's

---

[2]    Insofar as the affidavit submitted by plaintiffs' counsel implicitly asks this Court to convert CitiMortgage's motion to one for summary judgment on the grounds that the opening brief attached "information which is beyond the scope of the pleadings," that request must be denied.  Adler Aff. ¶ 3.  The only relevant information beyond the pleadings attached to the motion consisted of the underlying note and mortgage and certain facts establishing CitiMortgage's right to preemption.  As the plaintiffs attempt to state a claim for breach of contract, it is entirely appropriate for the Court to consider the contract itself on a motion to dismiss.  *See* Br. in Supp. at 5-6 n.3.  Indeed, as plaintiffs note, the provision allowing CitiMortgage only "reasonable" fees is contained in the original note.  Opp'n at 31.  The preemption-related facts, meanwhile, are proper subjects for judicial notice as matters of public record.  *See* Br. in Supp. at 39-40 nn. 18-19.

acceptance of plaintiffs' performance of this obligation is not a breach of contract. Further, plaintiffs have failed to allege colorable damages. *See* Br. in Supp. at 6-9.

**B.    Plaintiffs' Negligence Claim Must Be Dismissed Because CitiMortgage Owed No Extracontractual Duty to Plaintiffs.**

Count II[3] is subject to dismissal for two reasons.  First, its allegations are no more than bare legal conclusions (*see* Br. in Supp. at 11-12), and plaintiffs do not even argue otherwise.  Second, when an express contract governs the parties' rights, a negligence action may be maintained only if the defendant owed an extracontractual duty to the plaintiffs. *See id.* at 9-11.  Plaintiffs claim that such a duty exists (Opp'n at 17), but they cite no relevant legal authority.  Instead, they quote a portion of *NCP Litigation Trust v. KPMG, LLP*, 187 N.J. 353 (2006), setting out the pleading rules in New Jersey state courts, which are inapplicable here.   Other parts of the *NCP* opinion allowed a negligence claim to proceed, but its holding is inapposite.  The court in *NCP* considered whether "the imputation doctrine bars . . . shareholders from recovering through a litigation trust against an auditor" (*id.* at 357), and it therefore does not disturb the settled rule that mortgage lenders owe no extracontractual duties to borrowers. *See* Br. in Supp. at 10-11.[4]

---

[3]    The count numbers in the Opposition frequently do not match those in the complaint.  Numbers used in this brief track those in the complaint.

[4]    Plaintiffs also contend that their "credit worthiness," "emotional upset," and the "possible loss of their home" are at issue.  Opp'n at 16.  The rule makes no exception for cases in which these interests are at stake.  Moreover, plaintiffs'

## C.   Plaintiffs Have Not Stated a Claim for Breach of the Duty of Good Faith and Fair Dealing.

The claim for breach of the implied duty of good faith and fair dealing must be dismissed because the complaint is insufficient in three ways: It fails to identify any specific duty that was breached, does not explain how plaintiffs were deprived of the fruits of the contract, and includes no allegations of bad motive or intention. *See* Br. in Supp. at 12-13.  Plaintiffs do not attempt to refute these arguments.

Instead, plaintiffs cite three cases that speak to very different issues. *Barrows v. Chase Manhattan Mortgage Corp.*, 465 F. Supp. 2d 347 (D.N.J. 2006), for example, does not reject the "same exact argument" CitiMortgage now makes (Opp'n at 17); *Barrows* considered a challenge to standing, which is not at issue here.  *See* 465 F. Supp. 2d at 366.  Similarly, the challenge to the implied duty count in *Whittingham v. Mortgage Electronic Registration Services, Inc.*, 2007 WL 1456196, at *3 (D.N.J. May 15, 2007), was based exclusively on the absence of an express contract—whereas the existence of a valid contract is uncontested in this case.[5]  Finally, *Metlife Capital Finance Corp. v. Washington Ave. Assocs.*, 159 N.J.

---

assertions are surprising given that they pled no claim for emotional distress and paid off their entire loan with CitiMortgage in 2007.  Compl. ¶ 18.

[5]      The cases plaintiffs cite do *not* support the proposition that "seek[ing] money to which [a party is] not legally entitled is a violation of the [implied] covenant."  Opp'n at 18.  In fact, in New Jersey, the implied duty is violated only if the defendant adds "additional terms and conditions" to the contract, uses "bad-faith performance" as "a pretext . . . to terminate," or "unfair[ly] exercise[s] . . .

484 (1999), does not speak to pleading standards.  It is also factually inapposite, as

the *Metlife* defendant "secured an interest-free loan" by failing to credit rent to the

plaintiff's account.  *Id.* at 502-03.  Count III is subject to dismissal.

### D.    The Unjust Enrichment Claim May Not Proceed.

Although they concede that an express contract governs the parties' rights,

plaintiffs argue that their unjust enrichment claim should survive because implied

contracts and express contracts may coexist.  *See* Opp'n at 19-20.  The complaint

does not allege that any implied contract exists, but even if it did, Count IV would

remain invalid.  Implied and express contracts may coexist *only* if they cover

"distinct" subject matter (*id.* at 20 (quotation omitted)), and plaintiffs' breach of

contract and unjust enrichment claims are based on the same alleged conduct.  Any

implied contract would therefore not be distinct from the express contract between

the parties.  *See* Br. in Supp. at 14-15.[6]  For this legally dispositive reason, and

because Count IV is insufficiently pled (*see id.* at 15-16), it must be dismissed.

---

discretion" under the agreement.  *Cambridge Mgmt. Group, LLC v. Robert A. Kosseff & Assocs., P.C.*, 2007 WL 2084895, at *4 (D.N.J. July 18, 2007). CitiMortgage's alleged act of accepting performance of a modification agreement requested by plaintiffs falls into none of these categories.

[6]    Plaintiffs' related assertion that CitiMortgage's conduct *must* either have violated the express contract or constitute "a violation in quasi contract" (Opp'n at 19) is nonsensical.  Plaintiffs have not alleged a breach of either:  The alleged charge was a term of the express contract, and the complaint does not, and cannot, allege a violation of any distinct implied contract.

### III.   THE CONSUMER FRAUD ACT COUNTS MUST BE DISMISSED.

### A.   The CFA Claims Are Insufficiently Pled.

Plaintiffs concede that the heightened pleading standard of Fed. R. Civ. P. 9(b) governs their Consumer Fraud Act ("CFA") claims. *See* Opp'n at 22. The CFA claims must thus include "precision and some measure of substantiation." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotation omitted).

Plaintiffs do not attempt to claim that the allegations of misrepresentations in Count V are pled with precision, and they are not. *See* Br. in Supp. at 19.

As to their other CFA allegations, plaintiffs argue that Paragraph 19 of the complaint describes unlawful conduct.   But Paragraph 19 includes no facts whatsoever—just a hodgepodge of conclusions untethered from the extremely sparse facts that precede it.  Further, Paragraph 73 does ***not***, as plaintiffs claim, state "directly that the amount demanded . . . in the payoff was in excess of the amount allowed by contract and law."  Opp'n at 22.  Rather, it refers the reader to unspecified "illegal and/or excessive charges . . . outlined previously," without more.  Compl. ¶ 73.  Plaintiffs have thus pointed to no allegations in the complaint that plead unlawful conduct with particularity. *See also* Br. in Supp. at 19-20.

Plaintiffs next aver that they alleged an ascertainable loss by stating damages of at least $4000 in Paragraph 74.  Opp'n at 22.  But the complaint contains no "***facts*** . . . defining" this figure as an ascertainable loss.  Br. in Supp. at 21 (internal

quotation omitted).[7] Moreover, while plaintiffs argue that their exact damages are unknowable because the modification agreement is insufficiently itemized (Opp'n at 22), the problem with the complaint is deeper than that: It alleges "other charges" (¶ 74) without specification, and given the mélange of charges mentioned in Paragraph 19 and elsewhere in the complaint (*see* Br. in Supp. at 43-45), there is no way to discern that the "other charges" are part of the alleged charge in the modification. The invocation of the $4000 figure plus "other charges" thus fails to give CitiMortgage "notice of possible damages." *Torres-Hernandez v. CVT Prepaid Sols., Inc.*, 2008 WL 5381227, at *7 n.3 (D.N.J. Dec. 17, 2008).[8]

Plaintiffs then suggest that Paragraph 18 satisfies the CFA's causation requirement, but its allegations do not even state that plaintiffs paid the alleged charge, which may or may not have been part of the loan as of May 22, 2007.[9]

---

[7] Further, while the complaint includes four distinct CFA counts, the Opposition exclusively relies on paragraphs in Count VIII. *See* Opp'n at 20-22. There are no ascertainable loss allegations whatsoever in Counts V-VII.

[8] Plaintiffs' assertion that *Whittingham* allowed a "similar pleading" to proceed (Opp'n at 20) is unpersuasive even if true. *Whittingham* was decided before *Twombly*, which clarified that even under Rule 8(a), a complaint must include "enough factual matter" to "raise a right to relief above the speculative level." 127 S. Ct. at 1965 & n.3. The CFA counts do not meet that standard, let alone the standard of Rule 9(b), which is indisputably higher. *See, e.g.*, *Palmeri v. LG Elecs. USA, Inc.*, 2008 WL 2945985, at *2 (D.N.J. July 30, 2008).

[9] *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009), which rejected the contention that a prior request for a refund was an element of a CFA action, has no bearing on whether plaintiffs' CFA claims were pled with sufficient particularity.

Finally, as discussed in CitiMortgage's opening brief (at 21-22), because plaintiffs' contract and CFA claims are based on the same conduct, plaintiffs must plead "substantial aggravating circumstances" in order to maintain the CFA claims. *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 18 (1994). Plaintiffs have not even attempted to assert that the complaint satisfies this requirement. It does not.

### B.    The Economic Loss Rule Bars the CFA Claims.

Plaintiffs' argument against applying the economic loss rule to their CFA claims simply repeats their argument against dismissal of Count II. But plaintiffs' invocation of state pleading standards and their assertion that "[t]he instant case is [about] more than . . . the loan" (Opp'n at 23) are irrelevant. The economic loss doctrine bars the CFA claims because the conduct plaintiffs challenge is not extraneous to the parties' valid contract. *See* Br. in Supp. at 23-24.[10]

### C.    Count V May Not Proceed.

Plaintiffs admit that Count V "seeks to enforce the provisions of the [Federal Trade Commission Act ("FTCA")]." Opp'n at 24. This is precisely what private actors may not do. *See* Br. in Supp. at 28-29. Count V must thus be dismissed.

---

[10]    Plaintiffs argue that the CFA allegations in *Whittingham* and in this case are "similar." Opp'n at 20. If this is true, their claims are barred: While *Whittingham* did not consider the issue, the allegations in that case were of fraud in the performance. *See id.* Such allegations are ***not*** extraneous to the contract and are thus precluded by the economic loss rule. *See* Br. in Supp. at 23-24.

**D.   Neither the Fair Foreclosure Act nor the New Jersey Court Rules Apply to the Modification Agreement.**

Plaintiffs assert (Opp'n at 2-9) that the alleged charge in the modification agreement violates the Fair Foreclosure Act ("FFA") and certain New Jersey Court Rules ("Rules").  However, plaintiffs have not pled facts sufficient to establish that these laws are applicable.  The FFA applies only when a lender seeks to "enforc[e] the . . . lien on the residential property" (N.J.S.A. 2A:50-62), and then only when the borrower pursues the FFA's cure procedure by paying a lump sum to the mortgagee (*see id.* 2A:50-57(b)).  That is not what happened here.  The alleged charge plaintiffs contest was contained in a loan modification agreement plaintiffs themselves requested. Compl. ¶¶ 14-17.  The modification agreement restructured plaintiffs' loan by, among other things, extending the repayment term until 2036 and moving to a fixed interest rate. *See* Br. in Supp., Ex. 1, at 1; *id.* Ex. 2, at 3-4. The modification did not, however, involve an initial lump-sum payment.  Thus, plaintiffs do not—and cannot—allege either that they used the FFA's cure procedure or that the modification was actually a method by which CitiMortgage was enforcing its lien.  Because the FFA does not apply to the facts alleged, CitiMortgage is entitled to dismissal of Count VI.[11]

---

[11]    Plaintiffs also complain that CitiMortgage relies on "general contract cases" to show that attorney's fees may be allowed "by contractual agreement." Opp'n at 7. CitiMortgage only cites "general contract cases" in support of its argument to dismiss the breach of contract claim, however (*see* Br. in Supp. at 6-7); its

Plaintiffs also argue that "[t]he limitations" of the Rules are "absolute" (Opp'n at 3).  This assertion does not answer CitiMortgage's argument that the Rules—even if "absolute" where they apply—are irrelevant here.  The alleged charge plaintiffs contest is part of a "loan modification agreement" entered into outside the courtroom.  Thus, the Rules do not apply.  *See Smiriglio v. Hudson United Bank*, 98 F. App'x 914, 916-17 (3d Cir. 2004) (per curiam); Br. in Supp. at 31-33.[12]

None of the cases plaintiffs cite supports applying either the FFA or the Rules to this case.  *Amboy National Bank v. Ahmed*, 2007 WL 397055 (N.J. App. Div. Feb. 7, 2007) concerned a "forbearance agreement"[13] entered into after a "final judgment [of foreclosure] and before [the] sheriff's sale" (*id.* at *1).  Likewise, the cases cited on page 3 of the Opposition all concern either the

_____

arguments concerning the FFA and Rules are based exclusively on the text of those authorities and cases interpreting their reach, *see id.* at 29-33.

[12]    The Opposition discusses (at 6) a host of Rules not specifically mentioned in the complaint.  This invocation of Rules not mentioned in the complaint must be disregarded.  *See, e.g., Brown v. Hartford Group*, 2009 WL 467846, at *3 (D.N.J. Feb. 23, 2009) (Hillman, J.).  It is no answer to argue, as plaintiffs do, that they could not include the precise Rules in the complaint because the alleged charge was "not itemized."  Opp'n at 6.  Plaintiffs were capable of pleading violations of these Rules in the complaint and explaining the alleged basis for their claims, but they failed to do so.  Moreover, these Rules, like those mentioned in the complaint, do not apply outside the courtroom.

[13]    Plaintiffs characterize the modification agreement as a "forbearance agreement" (Opp'n at 7-8), but the document is clearly a modification agreement that effects a long-term restructuring of plaintiffs' loan.  Br. in Supp., Ex. 2.

calculation of attorney's fees after the entry of a final foreclosure judgment[14] or applications for fees incurred during foreclosure-related court proceedings.[15] Finally, in *National City Mortgage v. Smith*, 324 N.J. Super. 509 (Ch. Div. 1999), plaintiffs followed the FFA's cure procedure. Thus, none of these cases is relevant to the facts in the complaint. In fact, two of the cases expressly distinguish situations requiring strict application of the Court Rules from cases concerning the amount of attorney's fees a mortgagee may recover under contract law.[16]

Plaintiffs' other arguments are similarly unavailing. They refer to a statute concerning "fraud in the execution or consideration of a contract" (Opp'n at 8), but the complaint includes no allegations of such conduct, and new claims may not be added in the Opposition. *See, e.g.*, *Brown v. Hartford Group*, 2009 WL 467846, at *3 (D.N.J. Feb. 23, 2009) (Hillman, J.); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 142 F. Supp. 2d 589, 613-14 (D.N.J. 2001). Finally, plaintiffs' arguments

---

[14]   *See In re A&P Diversified Techs. Realty, Inc.*, 467 F.3d 337 (3d Cir. 2006); *In re Hatala*, 295 B.R. 62 (Bankr. D.N.J. 2003); *Regency Savs. Bank, F.S.B. v. Morristown Mews, L.P.*, 363 N.J. Super. 363 (App. Div. 2003); *Coastal State Bank v. Colonial Wood Prods., Inc.*, 172 N.J. Super. 320 (App. Div. 1980) (per curiam).

[15]   *See Stewart Title Guar. Co. v. Lewis*, 347 N.J. Super. 127 (Ch. Div. 2001).

[16]   *See Regency Savs. Bank*, 363 N.J. Super. at 367; *Coastal State Bank*, 172 N.J. Super. at 323.

concerning waiver (Opp'n at 8-9) are inapplicable, as CitiMortgage has neither argued that plaintiffs waived any rights nor requested that they do so.[17]

### E.   Because There Is No Private Right of Action in the FTCA, FFA, or Rules, the CFA Claims Must Be Dismissed.

Plaintiffs concede that the FTCA does not contain a private right of action (Opp'n at 24), but they maintain that the FFA and the Rules do include such rights of action. Plaintiffs' analysis of the FFA and the Rules is faulty.

It is indisputable that the FFA does not "explicitly provide[]" a "right of action" (Opp'n at 26) for money damages of any kind. *See Whittingham*, 2007 WL 1456196, at \*5 ("The statutory language is silent as to reimbursement of fees . . . ."). Absent any express right, New Jersey courts are "reluctant to infer a statutory private right of action" (*R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 168 N.J. 255, 271 (2001)), and such a right cannot be implied in the FFA. As plaintiffs recognize, the FFA simply allows homeowners to "cure a default" and sets out the "process to proceed in court for a foreclosure." Opp'n at 26. That is all that the statute does: It "is essentially a notice provision" to mortgagees that "provides specific guidance . . . on the steps necessary to foreclose" by "creat[ing] a variety of procedures by which a debtor can cure a default on a mortgage."

---

[17]   Further, the no-waiver provision in the FFA includes an express exception for "workout agreement[s] in a separate written document signed by the debtor." N.J.S.A. 2A:50-61. Thus, even if the FFA applied and the modification agreement somehow waived rights, the waiver would be permissible.

*Whittingham*, 2007 WL 1456196, at *5. Every provision of the FFA—including the non-waiver section (*see* N.J.S.A. 2A:50-61) and the clause stating that the FFA's procedure is independent of other rights (*see id.* 2A:50-57(f))—is consistent with this purpose of providing a uniform process for foreclosures.

Plaintiffs point to no evidence that the legislature intended to give borrowers the right to sue if the procedures in the FFA are not followed. Plaintiffs have also cited no case finding such a right, and no such case exists. Further, as *Whittingham* recognized, to imply a right of action for money damages would conflict with the purely procedural function of the FFA. 2007 WL 1456196, at *5.

There also is no basis for finding a private right of action in the Rules. Like the FFA, the Rules "are procedural in nature, and provide no independent cause of action." *Id.* at *6. Plaintiffs cite to no cases implying a right of action in the Rules and to no indication that the New Jersey Supreme Court or legislature intended for nonconformity with the procedures in the Rules to give rise to damages.

Thus, neither the Rules nor the FFA provides for a private right of action. Because the CFA may not be used to indirectly enforce statutes that lack private rights of action (*see* Br. in Supp. at 26-28 (citing cases)), Counts V-VII—and Count VIII, insofar as it restates Counts V-VII—must be dismissed.[18]

---

[18]    *Wozniak v. Pennella*, 373 N.J. Super. 445 (App. Div. 2004), is not to the contrary. *Wozniak* concerned whether the CFA could be used to remedy violations of a rent control ordinance (*see id.* at 456) that was itself enforceable by private

## IV.   COUNT IX MUST BE DISMISSED.

Count IX alleges that CitiMortgage violated the state Truth in Consumer Contract, Warranty and Notice Act ("NJTCCA") by issuing a "*notice* includ[ing] illegal and/or excessive charges." Compl. ¶ 77 (emphasis added). The complaint fails to allege what notice serves as the basis for this claim. *See* Br. in Supp. at 34.

In the Opposition, Plaintiffs deviate from the complaint and argue that Count IX is based on the *note*—the contract between the parties. Because the NJTCCA expressly differentiates between contracts and notices (*see* Br. in Supp. at 34 & n.14), the change from "notice" to "note" is an attempt to amend the complaint in the Opposition. This "is procedurally improper." *Brown*, 2009 WL 467846, at *3. Plaintiffs are limited to the allegations in the complaint, which do not state a claim.

The complaint also fails to identify any "clearly established legal right" that CitiMortgage violated. N.J.S.A. 56:12-15. In the absence of any such right, there can be no NJTCCA violation, and dismissal of Count IX is necessary.

## V.   COUNT X IS SUBJECT TO DISMISSAL.

Plaintiffs agree (Opp'n at 29) that their Licensed Lenders Act claim (Count X) should be dismissed. That count may not proceed. *See* Br. in Supp. at 34-38.

---

actors, *see id.* at 452 (noting that the plaintiffs had initially filed a complaint with a local board). *Wozniak* thus offers no support for using the CFA to enforce statutes that lack any express or implied private right of action.

## VI.   PLAINTIFFS' CLAIMS ARE PREEMPTED IN PART.

Plaintiffs argue—without citing any supporting authority—that their claims are not preempted because their "loan was not originated by a [federal] savings and loan." Opp'n at 30-31. That fact is irrelevant, because the alleged charge plaintiffs contest is part of the loan modification agreement. That agreement was between plaintiffs and CitiMortgage, and at the time it was signed, CitiMortgage was entitled to preemption under the Home Owners' Loan Act ("HOLA") and associated Office of Thrift Supervision ("OTS") regulations. Br. in Supp. at 38-39.

Further, even if plaintiffs had complained about a term in the original contract, their claims would remain preempted. It is CitiMortgage's status "when it committed the acts for which the plaintiffs are suing" that is relevant, not the status of the entity that originated the loans. *In re Ocwen Loan Servicing, LLC Mortgage Servicing Litig.*, 491 F.3d 638, 642 (7th Cir. 2007); *see also id.* at 648 (holding that some categories of claims brought against a servicer that did not originate loans were "certainly[] preempted" by HOLA).

Plaintiffs also aver that their claims are not preempted because 12 C.F.R. § 560.2(c) exempts certain types of state laws from preemption. *See* Opp'n at 30-31.[19] Both OTS's interpretive guidelines and prior case law directly contradict this

---

[19]     Plaintiffs also state that a different regulation, 12 C.F.R. § 590.3(c), excepts attorney's fees from its preemptive scope. Opp'n at 31. As the title of Section 590.3 indicates, however, that regulation deals only with state usury laws. By

argument.  The guidelines state that if a state-law claim falls within the categories listed in 12 C.F.R. § 560.2(b), "the analysis will end there," and "the law is preempted."  61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).  Thus, if—and only if—the claims fall outside the scope of Section 560.2(b), the question becomes if "the law can clearly be shown to fit within the confines of paragraph (c)."  *Id.*; *accord, e.g.*, *State Farm Bank, FSB v. Reardon*, 539 F.3d 336, 347-48 (6th Cir. 2008); *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1006-07 (9th Cir. 2008); *Cedeno v. IndyMac Bancorp, Inc.*, 2008 WL 3992304, at *8 (S.D.N.Y. Aug. 26, 2008).  Plaintiffs do not dispute that their claims involve "[l]oan-related fees" and "term[s] of credit," which are expressly preempted by Section 560.2(b).  That regulation is thus "exactly on point" (Opp'n at 31), and Section 560.2(c) never enters the analysis.  *See also Turner v. First Union Nat'l Bank*, 162 N.J. 75, 92-93 (1999) (noting that Section 560.2(b)(5) preempts regulation of attorney's fees).

Therefore, insofar as plaintiffs argue that New Jersey statutes, rules, and decisional law prohibited the imposition of the alleged charge for attorney's fees and costs in the modification agreement, their claims are preempted.

## VII.  THE VOLUNTARY PAYMENT RULE BARS PLAINTIFFS' CLAIMS INSOFAR AS THEY PAID ANY ALLEGED CHARGES.

---

contrast, 12 C.F.R. § 560.2, the regulation at issue in this case, preempts without limitation all state laws covering "[l]oan-related fees." *Id.* § 560.2(b)(5).

Plaintiffs argue that their claims are not barred by the voluntary payment rule. *See* Opp'n at 9-15. Leaving aside the question of whether this issue is ripe for determination (*see* Br. in Supp. at 4-5 n.2), plaintiffs' objections are meritless.

First, plaintiffs were not laboring under a mistake of fact. The same alleged sums that underpin the complaint are listed in the modification agreement. Plaintiffs thus had "full knowledge of" the charge "and the circumstances under which it would be imposed" when they signed the modification. *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 740 N.Y.S.2d 396, 398 (App. Div. 2002) (per curiam), *aff'd*, 790 N.E.2d 1155 (N.Y. 2003). Nothing more is needed to preclude any contention of mistake of fact. *See, e.g., Sanders v. Wash. Mut. Home Loans, Inc.*, 248 F. App'x 513, 516 (5th Cir. 2007).[20]

Second, the plaintiffs' unsupported claim that their payment must have been the result of "fraud, duress[, or] improper conduct" cannot be credited, as the complaint includes no facts to support this argument. Opp'n at 9. Third, while plaintiffs again cite the "fraud in the execution" statute and several statutory non-waiver provisions (*see id.* at 9-11), the complaint includes no allegations of fraud

---

[20]    The fact that plaintiffs believe the alleged charge is insufficiently itemized (Opp'n at 9) does not mean that plaintiffs were under a mistake of fact. The complaint attempts to allege that the charge as included in the modification agreement is a breach of contract and violates state law. Plaintiffs had "full knowledge of the facts" relevant to these claims at the time the modification was signed. *Flammia v. Maller*, 66 N.J. Super. 440, 459 (App. Div. 1961).

in the execution, CitiMortgage has not asked plaintiffs to waive any rights, and non-waiver statutes do not purport to override the voluntary payment rule.

Finally, *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009), does not—as plaintiffs contend—stand for the proposition that the voluntary payment doctrine is inapplicable to CFA or NJTCCA claims. *See* Opp'n at 11-14. *Bosland* never so much as mentions the doctrine. Rather, it simply holds that a prior refund request is not an element of a CFA claim. *See* 197 N.J. at 552-53. Thus, while the voluntary payment doctrine applies globally when a payment is voluntarily made "without mistake of fact" (Br. in Supp. at 4 n.2), *Bosland* holds that the CFA does not require a specific procedural step as a prerequisite to maintaining an action no matter the state of the plaintiffs' knowledge. It is therefore not on point.

## VIII. THE COMPLAINT DOES NOT STATE A CLAIM AS TO ANY OTHER FEES OR CHARGES.

For the uncontested reasons stated in CitiMortgage's opening brief (at 43-45), all of plaintiffs' claims must be dismissed insofar as they purport to be based on charges other than the alleged $5,147 charge in the modification agreement.

## IX. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

As plaintiffs concede, a complaint must be dismissed with prejudice if repleading would be "futil[e]." Opp'n at 32. "Repleading is futile" if the claims are dismissed on the basis of "some legal barrier other than want of specificity." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007).

While none of plaintiffs' claims satisfies the applicable pleading standards, each claim would be barred even if properly pled, for the following reasons:

- A superseding term in a contractual modification cannot be a breach of the terms it supersedes, barring Count I;

- There is no duty on which to premise Count II;

- The allegations in Count III do not fall into the ambit of the duty of good faith and fair dealing;

- The existence of the express contract dooms Count IV;

- Count V attempts to privately enforce a statute that is only enforceable by a federal agency;

- Counts V-VIII are barred by the economic loss doctrine;

- Counts V-VII, part of Count VIII, and Count X are precluded by the lack of private rights of action;

- At least Counts V-X are preempted by federal law;

- Each count is barred by the voluntary payment rule;

- Plaintiffs admit that Count X must be dismissed; and

- Count XI does not state a known claim (*see* Br. in Supp. at 38).

For these dispositive reasons, dismissal should be with prejudice.

## CONCLUSION

Plaintiffs' complaint should be dismissed with prejudice.

Respectfully submitted,

Marc C. Singer
Vincent F. Papalia
Attorneys for Defendant
CitiMortgage, Inc.
**Saiber LLC**
One Gateway Center, 13th Floor
Newark, NJ 07102
(973) 622-3333

Of Counsel:

Lucia Nale
Maritoni Kane
**Mayer Brown LLP**
71 South Wacker Drive
Chicago, IL
(312) 782-0600

Miriam R. Nemetz
Richard P. Caldarone[*]
**Mayer Brown LLP**
1909 K Street, N.W.
Washington, DC 20006
(202) 263-3000

---

[*]      Admitted in Virginia only; not admitted in the District of Columbia. Practicing under the supervision of firm principals.